# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LAMAR COUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   1:24-CV-340-KAC-CHS |
| ) | |
| MISTY CRITES, STACY OAKES, SGT. ) | |
| GRIBSON, U.M. FRANIS, MORGAN ) | |
| COUNTY CORRECTIONAL COMPLEX, ) | |
| SGT. HEWITT, U.M. BELL, and DAVID ) | |
| VINCENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging various unrelated claims against different Defendants [Doc. 4], a supplement to his complaint [Doc. 4-1], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. Each of those filings is currently before the Court. For the reasons below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc 1] and **DISMISSES** this action because the complaint filings [Docs. 4, 4-1], even liberally construed, fail to state a claim upon which relief may be granted under Section 1983.

## I.   MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's Motion [Doc. 1] shows that he lacks sufficient resources to pay the filing fee

in a lump sum.  Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion [Doc. 1] and **ASSESSES** Plaintiff the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum & Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill*, 630 F.3d at 470-71.  Thus, to survive an initial review, a complaint "must contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.  Complaint Allegations**

On January 31, 2024, Plaintiff "was allowed into T-Com" without approval from Defendants Misty Crites and David Vincent, and these Defendants then "conspired to get [Plaintiff] kick[ed] out of T-COM" [Doc. 4 at 3-4]. Specifically, according to Plaintiff, he and another inmate received the same disciplinary sanction, but Plaintiff was kicked out of "T-Com" on February 7, 2024, "[b]ecause he was a different race or color th[a]n the staff" in a manner that disregarded TDOC and/or "T-COM" policies and rules [*Id.*].

Then, on June 6, 2024, after Plaintiff was placed in punitive segregation, Defendant Sgt. Gribson postponed Plaintiff's disciplinary board hearing for fourteen (14) days without his approval, in alleged violation of TDOC policy [*Id.*]. Defendant Sgt. Gribson then held Plaintiff's disciplinary hearing even though another prisoner had admitted and pled guilty to the incident underlying that hearing because "they" planned to discriminate against him because of his "race, color," political and religious views, and an unspecified "personal relationship" [*Id.* at 4].

3

From June 6, 2024, through July 22, 2024, Defendants Sgt. Hewitt and Bell refused to allow Plaintiff "basic need[s]" including library, religion, hygiene, recreation, and "leisure services" [*Id.*]. They also "barely allowed" Plaintiff clothes, laundry, mail, telephone, and commissary [*Id.*]. According to Plaintiff, these Defendants "us[ed] the[ir] position to discrimin[a]te against [his] race, color, or religious view[,] and personal relationship" [*Id.*].

On September 9, 2024, Defendant Franis moved a "homosexual with a Std" into Plaintiff's cell even though it was against Plaintiff's "will, religion, and political view to live with one" [Doc. 4-1 at 1]. Plaintiff "went through the proper channels to file [] a CR-2532 form twice[] and still was ignored" by the prison, presumably because his living arrangements were not changed [*Id.*]. Based on these allegations, the Complaint alleges that Defendant Franis "discriminated against [Plaintiff's] religion and political view" [*Id.*].

Plaintiff wrote to Defendant Stacy Oakes on May 1, May 6, May 18, and June 6, 2024, to "inform him of the injustices on discriminate at his institution" [Doc. 4-1 at 1]. But Defendant Oakes did not do any investigation or inquiry (or respond to Plaintiff's correspondence with any such indication), even though "he is the acting title IV coordinator" [*Id.*].

Plaintiff sued Misty Crites, Sgt. Gribson, Sgt. Hewitt, U.M. Franis, U.M. Bell, Stacey Oakes, David Vincent, and the Morgan County Correctional Complex [Doc. 4 at 1, 3]. As relief, Plaintiff seeks "compensation for [his] time los[t]" and "[t]o bring awareness to this situation[] so they won't keep doing this" [*Id.* at 5].

**C.    Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

### 1. Equal Protection Claim

Plaintiff attributes nearly all the incidents in his complaint to discrimination. However, Plaintiff does not set forth a plausible claim for violation of his right to equal protection. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). A plaintiff must be "similarly situated" to his comparators in "all relevant respects." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) ("'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'").

Plaintiff generally states that he was subjected to discrimination based on race and political and/or religious views, as well as an unspecified personal relationship. But he does not set forth facts from which the Court can plausibly infer that any Defendant treated a similarly situated inmate of a different race, political view, religion, or unspecified personal relationship differently than that Defendant treated Plaintiff as it related to any incident in the Complaint. The closest Plaintiff comes to stating sufficient facts are his assertions that another inmate received the same disciplinary sanction as him, but Plaintiff was kicked out of the "T-Com" program because he was a different race than the "staff" [Doc. 4 at 4]. But Plaintiff does not state his own race or the race of the inmate who allegedly received the same disciplinary sanction as Plaintiff but was not removed from "T-Com." Nor does the Complaint include facts from which the Court could

5

plausibly infer that this inmate was otherwise similarly situated to Plaintiff in all relevant respects. *See Ctr. For Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (finding that a complaint failed to state an equal protection claim where it did not "make a plausible allegation that similarly situated . . . individuals, of a different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *see also Nali v. Ekman,* 355 F. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an equal protection claim). As such, the Complaint fails to allege a plausible equal protection claim. And the Court **DISMISSES** any equal protection claim.

### 2. Defendant MCCX

Plaintiff named MCCX as a Defendant in his Complaint [*See* Doc. 4 at 1]. But MCCX is not an entity that is subject to suit under Section 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (finding that a state prison and its "medical staff" were not subject to suit under § 1983). Accordingly, the Court **DISMISSES** Defendant MCCX.

### 3. Defendants Crites and Vincent

Plaintiff's only remaining allegations against Defendants Crites and Vincent are that they conspired to kick him out of "T-Com" in a manner that violated TDOC and "T-Com" rules and policies [Doc. 4 at 3-4]. But Plaintiff's allegations are conclusory and therefore fails to state a plausible Section 1983 conspiracy claim. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538-39 (6th Cir. 1987) (providing that conspiracy claims must be pled with some degree of specificity and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim"). Additionally, Plaintiff does not have a constitutional right to a prison rehabilitation

program. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). And the violation of a TDOC or "T-Com" rule or policy alone is not enough to state a constitutional claim. Accordingly, the Court cannot plausibly infer that Defendants Crites or Vincent violated Plaintiff's constitutional rights, and the Court **DISMISSES** them from this action.

### 4. Defendant Gribson

The Complaint alleges after Plaintiff was placed in punitive segregation, Defendant Gribson postponed Plaintiff's disciplinary board hearing for fourteen (14) days without Plaintiff's approval in violation of TDOC policy and then held that hearing even though another prisoner had admitted and pled guilty to the incident [Doc. 4 at 4]. But the Complaint does not set forth facts from which the Court can plausibly infer that these acts violated Plaintiff's constitutional rights.

First, to the extent that Plaintiff claims that his placement in punitive segregation without a hearing violated his due process rights, this allegation is without merit. Specifically, in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court concluded that a prisoner's due process rights could be violated by a sanction only when the sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). The Court concluded that mere placement in segregation did not implicate a liberty interest because that placement did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484; *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

Plaintiff has not set forth any facts from which the Court can plausibly infer that his time in punitive segregation without a hearing inevitably affected the duration of his sentence or was unusually or significantly more restrictive than his usual prison accommodations. *See Warfield v.*

7

*Washburn*, No. 3:19-CV-00650, 2020 WL 70881, at *3 (M.D. Tenn. Jan. 7, 2020) (finding that the plaintiff's "alleged 40-day confinement in punitive segregation" did not qualify as an "'atypical and significant hardship'" under *Sandin* where the plaintiff did not describe any of the restrictions to which he was subjected in that segregation) (citations omitted). And while Plaintiff alleges that the postponement of his disciplinary hearing without his approval violated TDOC policies, violation of TDOC policy alone is not actionable under Section 1983. *See Johnson v. Lewis*, No. 3:23-CV-00660, 2023 WL 5663082, at *2 (M.D. Tenn. Aug. 31, 2023). Moreover, TDOC policies and regulations do not create a liberty interest for purposes of due process. *Taylor v. Dukes*, 25 F. App'x 423, 424 (6th Cir. 2002).

Additionally, the allegations that Defendant Gribson proceeded with a disciplinary hearing against Plaintiff even though another prisoner had already admitted and pled guilty to the incident underlying that hearing does not allow the Court to plausibly infer a violation of Plaintiff's constitutional rights. Perhaps most importantly, Plaintiff does not present any facts from which the Court could plausibly infer that the other prisoner's guilt precluded Plaintiff from being guilty of the same offense. But even if Plaintiff had adequately alleged that the other inmate's guilt meant that Plaintiff could not also be guilty of the offense, this does not rise to the level of a constitutional violation. *See Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974) (providing that inmates do not have the right to be free from charges or convictions for prison disciplinary offenses); *Person v. Campbell*, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983.").

Accordingly, the complaint fails to state a plausible claim for violation of Section 1983 as to Defendant Gribson, and the Court **DISMISSES** him from this action.

### 5. Defendants Hewitt and Bell

The Complaint also asserts that for weeks, Defendants Hewitt and Bell refused to allow him "basic need[s]" and "leisure services" and "barely allowed" him clothes, laundry, mail, telephone, and commissary [*Id.*]. However, Plaintiff does not support these conclusory allegations with any facts from which the Court could find that these denials rose to the level of a constitutional violation. Without more, these allegations are merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which fail to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. According, the Court **DISMISSES** these Defendants.

### 6. Defendant Franis

The Complaint alleges that Defendant Franis moved a "homosexual with a Std" into Plaintiff's cell against Plaintiff's "will, religion, and political view to live with one" and that the prison refused to change the living arrangement [*See* Doc. 4-1 at 1]. "The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . . prohibiting the free exercise' of religion." *Fulton v. City of Philadelphia, Penn.*, 593 U.S. 522, 532 (2021). Imprisonment "does not eliminate an individual's constitutional protections." *Ali v. Adamson,* 132 F.4th 924, 935 (6th Cir. 2025). "But the 'complex and intractable problems of prison administration' require due consideration in applying constitutional guarantees." *Id.* (quoting *Shaw v. Murphy*, 532 U.S. 223, 231 (2001)).

Here, the allegations of the Complaint do not allow the Court to plausibly infer that Defendant Franis violated Plaintiff's constitutional rights. The Complaint does not allege that Defendant Franis was aware of, knew of, or should have known of Plaintiff's religious objection to living with the inmate at issue [*See* Doc. 4-1]. The Complaint only alleges that Defendant Franis moved the inmate into the cell [*See id.*]. "Section 1983 liability turns 'only on' each officer's 'own

[alleged] unconstitutional behavior.'" *Ali*, 132 F.4th at 936 (quoting *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012)). Without something more, Defendant Franis is not liable for any violation of Plaintiff's First Amendment rights that may have occurred. *See id.* at 935-36. According, the Court **DISMISSES** Defendant Franis.

### 7. Defendant Oakes

Finally, the Complaint asserts that Plaintiff wrote to Defendant Oakes several times in May and June of 2024 to "inform him of the injustices on discriminate at this institution," but Defendant Oakes did not conduct an adequate investigation or inquiry [Doc. 4-1 at 1]. These allegations fail to state a claim. Plaintiff does not have a constitutional right to either an investigation by a supervisor or a response to his grievance from a supervisor. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that a failure to respond to or remedy a prisoner's grievance was insufficient to impose liability on supervisory personnel under Section 1983); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). Accordingly, the Court **DISMISSES** Defendant Oakes.

## III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts **MUST** submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk **MUST** provide a copy of this Memorandum & Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the Complaint, it fails to state a claim upon which relief may be granted under Section 1983;

6. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED**.

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge